# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | |
|---|---|
| **DEVORIS ANTOINE NEWSON,** | ) |
| | ) |
|     **Petitioner,** | ) |
| | ) |
| **v.** | )    No. 1:19-cv-01169-STA-jay |
| | ) |
| **JOHN R. MEHR,** | ) |
| | ) |
|     **Respondent.** | ) |

**ORDER DISMISSING AMENDED § 2241 PETITION,
DENYING MOTION FOR RECONSIDERATION AS MOOT,
DENYING A CERTIFICATE OF APPEALABILITY,
CERTIFYING THAT AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH,
AND
DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

Petitioner Devoris Antoine Newson has filed a *pro se* amended petition (the "Amended Petition"), pursuant to 28 U.S.C. § 2241 (ECF No. 6), as well as a motion for reconsideration of the Court's order denying appointment of counsel (ECF No. 7). For the following reasons, the Amended Petition is **DISMISSED** and the motion is **DENIED** as moot.

BACKGROUND

The Amended Petition alleges that Newson is being held as a pretrial detainee in the "Madison County Sheriff's Office."[1] (ECF No. 6 at 1.) Public records, as well as exhibits filed by Petitioner, show that he was charged with crimes relating to several incidents occurring in 2019. Among the charges he faces are those prosecuted in case number 19-880 for theft of property, felony evading arrest, reckless driving, speeding, failure to exercise due care while driving, and

---

[1] The Clerk of Court is **DIRECTED** to substitute Madison County Sheriff John R. Mehr for the State of Tennessee as Respondent. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004) (noting that the proper respondent to a habeas corpus petition is the petitioner's custodian).

being a felon in possession of a weapon (*see State v. Newson*, W2020-00611-CCA-R3-CD, Notice of Appeal (filed Apr. 13, 2020) (Tenn. Crim. App.)); a charge of "retaliate for past action" in case number 19-590 (*id.*); aggravated burglary, aggravated domestic assault, theft of a motor vehicle, reckless endangerment, two counts of aggravated kidnapping, being a felon in possession of a firearm, and possession of a firearm during the commission of a dangerous felony in case number 19-879 (ECF No. 8-1 at 1), ² and three counts of assault in case number 19-509 (*id.* at 8).  On April 13, 2020, Petitioner filed a notice of appeal from judgments entered in case numbers 19-590, 19-879, and 19-880.  (*See State v. Newson*, W2020-00611-CCA-R3-CD, Notice of Appeal (filed Apr. 13, 2020) (Tenn. Crim. App.)).

## DISCUSSION

On August 14, 2019, Petitioner filed a *pro se* habeas corpus petition (the "Petition"), pursuant to 28 U.S.C. § 2241.  (ECF No. 1.)  He subsequently filed a motion for appointment of counsel.  (ECF No. 4.)  Upon preliminary review of the Petition, the Court ordered Newson to file an amended petition because the original pleading did not contain "a brief recitation of the facts supporting" the claims, and was "mostly rambling and incoherent[.]"  (ECF No. 5 at 1.)  The Court also denied the motion for counsel.  (*Id.*)  Petitioner filed the Amended Petition on December 6, 2019, and, several weeks later, submitted exhibits in support of his claims.  (ECF No. 8-1).

Newson alleges in Claim 1 that the State is depriving him of a speedy trial in case number 19-879.  (ECF No. 6 at 6-7.)  He asserts in Claim 2 that, "[s]ince 4-23-19 [he has] been incarcerated

---

² One of the exhibits submitted by Petitioner shows that he was charged in "Case # 19-CR-848" with aggravated burglary, aggravated domestic assault, theft of a motor vehicle, reckless endangerment, two counts of aggravated kidnapping, being a felon in possession of a firearm, and possession of a firearm during the commission of a dangerous felony.  (ECF No. 8-1 at 1.)  However, Petitioner notated on that document that the court case is number 19-879.  (*Id.*)

2

based off of an invalid/defective, affidavit/warrant" due to those documents having been signed by someone not authorized to do so. (ECF No. 6 at 7.) In support, he has submitted copies of affidavits of complaint, arrest warrants, and an indictment. (ECF No. 8-1.) Newson alleges in Claim 3 that he is "being prosecuted . . . under false pretense[s]" in case numbers 19-509 and 19-880 because he was never "arrested, charged, or fingerprinted for the[se] case[s] ever in [his] life." (ECF No. 6 at 7.) In Claim 4 he asserts that the $350,000 bail set in case number 19-879 is unreasonable given his indigency.[3] (*Id.* at 8.) The relief he seeks as to all claims is dismissal of his cases and his "expeditious[] release[] from [the] Madison County's custody or transfer . . . to a federal facility for [his] own protection." (*Id.* at 8.)

Section 2241 authorizes federal courts to issue writs of habeas corpus on behalf of a prisoner who "is in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). However, except in extraordinary circumstances, the habeas remedy cannot be invoked to raise defenses to a pending state criminal prosecution. *See Younger v. Harris,* 401 U.S. 37, 46 (1971); *Ballard v. Stanton,* 833 F.2d 593, 594 (6th Cir. 1987). A violation of a pretrial detainee's right to a speedy trial or right "against unreasonable bail pending trial" may present an extraordinary circumstance warranting federal intervention. *Atkins v. Michigan,* 644 F.2d 546–47, 549–50 (6th Cir. 1981). A federal court should not entertain such claims, however, until the petitioner has first exhausted the issues in state court. *Id.* at 546–47, 549. As a general matter, that means that the detainee must present his claims to all levels of state court review that are available to him. *See id.* at 548 (finding petitioner exhausted speedy trial

---

[3] Petitioner does not specify which case corresponds to his bail claim. However, he alleges that the bail was imposed on April 23, 2019 (ECF No. 6 at 8), and his exhibits show that an arrest warrant was served on that date in a case he notated as "Case 19-879." (ECF No. 8-1 at 3.)

3

claim where "the state Supreme Court denied . . . leave to appeal [and] no state avenue remained open to him to press his claim").

As indicated, Newson asserts in Claim 1 that he is being deprived of a speedy trial in case number 19-879. Although the claim is generally cognizable in a § 2241 proceeding, Petitioner is not, for two reasons, entitled to relief. First, he does not seek an order commanding the State to bring him to trial, but, instead, wants the Court to order the dismissal of the case. The remedy for a speedy trial violation, however, is an order forcing the State to promptly try the detainee. *See Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 489–90 (1973); *Smith v. Burt*, No. 19-1488, 2019 WL 5608064, at *2 (6th Cir. Oct. 28, 2019) ("[T]he district court properly denied relief to the extent that [he] sought to dismiss the state charges outright."). Second, Newson's notice of appeal before the Tennessee Court of Criminal Appeals asserts that "judgments [have been] entered against" him in case number 19-879. (*State v. Newson*, W2020-00611-CCA-R3-CD, Notice of Appeal (filed Apr. 13, 2020).) Therefore, even if Petitioner were seeking an order forcing the State to bring him to trial, the Court could not grant that relief due to the entry of the judgments of conviction. Accordingly, Claim 1 is **DISMISSED**.

Claim 2, which asserts that an indictment, affidavits of complaint, and arrest warrants in various cases were defective or invalid, must be dismissed because it does not fall under an exception to *Younger* abstention. *See Martin v. Sheldon*, No. 1:17 CV 120, 2017 WL 1969464, at *3 (N.D. Ohio May 10, 2017) (dismissing § 2241 claims which "challenge[d] the warrant that led to [petitioner's] arrest [and] the validity of the indictment," holding the claims did not "fall within the recognized exceptions to abstention"); *Carman v. Pinkney*, No. 1:19 CV 2101, 2020 WL 224572, at *4 (N.D. Ohio Jan. 15, 2020) ("[E]ven if [petitioner's] indictment is defective in some

4

manner, such a defect does not rise to the level of extraordinary circumstances required to trigger an exception to *Younger* abstention."). In addition, Petitioner has not alleged that he exhausted the issue in state court. Claim 2 is therefore **DISMISSED**.

As previously indicated, Claim 3 asserts that Petitioner is being held under "false pretense[s]" because he has not been charged and prosecuted in case numbers 19-509 and 19-880. To the extent Claim 3 relates to case number 19-880, it is moot because that case is currently pending on direct appeal. Insofar as Petitioner alleges that he has not been charged and prosecuted in case number 19-509, it appears from a trial court motion he filed in that case that he has been charged. (*See* ECF No. 8-1 at 10.) His remaining objection—*i.e.*, that the State is failing to prosecute him in that case—is fairly construed as alleging a speedy trial violation. However, as with Claim 1, Petitioner does not seek a prompt trial, but rather, dismissal of the case. The Court cannot order that relief. What is more, Petitioner does not allege facts suggesting that he exhausted his speedy trial claim in state court. Although the motion he filed raised the speedy trial issue (*see id.*), he has not alleged that he presented the claim through all levels of state court review. Claim 3 is therefore **DISMISSED**.

Claim 4, which alleges that unreasonable bail has been imposed in case number 19-879, is generally cognizable in a § 2241 proceeding. However, because judgments of conviction have been entered in that case and are now the subject of Newson's direct appeal, the claim is moot. Claim 4 is therefore **DISMISSED**.

For the foregoing reasons, the Amended Petition is **DISMISSED.** The motion for reconsideration is **DENIED** as moot.

APPEAL ISSUES

A state pretrial detainee asserting claims under 28 U.S.C. § 2241 may not proceed on appeal unless a district or circuit judge issues a certificate of appealability ("COA"). *Winburn v. Nagy*, No. 19-2398, 2020 WL 1951893, at *2 (6th Cir. Apr. 23, 2020) (citing 28 U.S.C. § 2253(c)(1)) ("[T]he language of § 2253(c)(1)(A) requires certificates of appealability for all state-prisoner habeas appeals, whether seeking pretrial relief under § 2241 or post-conviction relief under § 2254.")

A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2)–(3). A substantial showing is made when the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). "If the petition was denied on procedural grounds, the petitioner must show, 'at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Dufresne v. Palmer*, 876 F.3d 248, 252–53 (6th Cir. 2017) (per curiam) (quoting *Slack*, 529 U.S. at 484).

In this case, reasonable jurists would not debate the correctness of the Court's decision to dismiss the Amended Petition. Because any appeal by Petitioner does not deserve attention, the Court **DENIES** a certificate of appealability.

Pursuant to Federal Rule of Appellate Procedure 24(a), a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court. *Id.*

In this case, for the same reason it denies a COA, the Court **CERTIFIES**, pursuant to Rule 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal *in forma pauperis* is therefore **DENIED**.[4]

**IT IS SO ORDERED**.

s/ S. Thomas Anderson
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date: August 28, 2020.

---

[4] If Petitioner files a notice of appeal, he must also pay the full $505.00 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty days.